UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> C.H. ROBINSON WORLDWIDE, INC., <br><br> Defendant. | NO. **CV-10-311-LRS** <br><br> **ORDER RE JURISDICTION** |

This action was removed from Okanogan County Superior Court on September 16, 2010. (Ct. Rec. 1). The basis for removal was the existence of federal question jurisdiction, specifically the fact that Plaintiff's Complaint alleged a cause of action pursuant to 49 U.S.C. § 14706 *et seq.*. (Ex. A to Ct. Rec. 2). Defendant filed an Answer on September 30, 2010 (Ct. Rec. 5) and a Scheduling Order was issued on November 17, 2010 (Ct. Rec. 9). On December 28, 2010, Plaintiff filed an Amended Complaint (Ct. Rec. 10). The Scheduling Order set December 28, 2010 as a deadline for filing "[a] motion to amend pleadings or add named parties." (Ct. Rec. 9 at p. 2). Plaintiff did not file a motion to amend its complaint and it appears that pursuant to Fed. R. Civ. P. 15, a motion and leave of the court was required for the filing of an amended complaint. By December 28, 2010, it appears the time had expired for Plaintiff to file an amended complaint as a matter of course. Nevertheless, on January 7, 2011, Defendant filed an Answer to the Amended Complaint (Ct. Rec. 11). The court construes that Answer as a written stipulation allowing Plaintiff to file its Amended Complaint.

**ORDER RE JURISDICTION-**       1

The Amended Complaint omits the federal cause of action pled in the original Complaint pursuant to 49 U.S.C. § 14706 *et seq.*, leaving only the common law claims for breach of contract and negligence. The Amended Complaint does not plead a basis for federal jurisdiction and in fact, re-alleges the jurisdiction of the Okanogan County Superior Court which existed prior to removal.[1]

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Notwithstanding this rule, removal jurisdiction based on a federal question is determined from the complaint as it existed at the time of removal. *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998). Clearly, a federal question existed at the time of removal in the captioned matter and accordingly, removal jurisdiction was proper and remains proper.[2] When removal is based on federal question jurisdiction and all federal claims are subsequently eliminated from the lawsuit, "[i]t is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003)("Section 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded. Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand in section 1441").

---

[1] Although it is alleged that Plaintiff is a California corporation and that Defendant is a Delaware corporation, federal diversity jurisdiction does not exist pursuant to 28 U.S.C. §1332(a) because it is clear from the face of the Amended Complaint that the amount in controversy does not exceed $75,000.

[2] Remand is compelled pursuant to Section 1447(c) when federal subject matter jurisdiction did not exist at the time of removal.

**ORDER RE JURISDICTION-**         **2**

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997)(en banc), quoting *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614 (1988). This discretion is "dependent upon what 'will best accommodate the values of economy, convenience, fairness, and comity . . . .'" *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991), quoting *Carnegie-Mellon*, 484 U.S. at 351.

On February 11, 2011, the Defendant filed a Motion For Summary Judgment (Ct. Rec. 12), noting the same for hearing without oral argument on April 4, 2011. The Plaintiff has filed a response to the motion and Defendant has filed a reply. Briefing is completed, but the court has yet to rule on the motion. Trial is not scheduled to commence until July 25, 2011.

Within ten (10) days from the date of this order, both Plaintiff and Defendant shall serve and file memoranda directed at the question of whether this court should continue to exercise supplemental jurisdiction over the pendent common law claims, or whether it should decline to exercise such jurisdiction and remand this action to the Okanogan County Superior Court. Determination of Defendant's Motion For Summary Judgment (Ct. Rec. 12) is **STAYED** pending determination of whether the court will continue to exercise supplemental jurisdiction over the pendent common law claims.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel of record.

**DATED** this   28th     of March, 2011.

*s/Lonny R. Suko*
───────────────────────
LONNY R. SUKO
United States District Judge

**ORDER RE JURISDICTION-**              3