UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC.,

    Plaintiff,

v.

C.H. ROBINSON WORLDWIDE, INC.,

    Defendant.

NO. **CV-10-311-LRS**

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Defendant's Motion For Summary Judgment (Ct. Rec. 12). This motion is heard without oral argument.

**I. SUPPLEMENTAL JURISDICTION**

On March 28, 2011, this court entered an "Order Re Jurisdiction" (Ct. Rec. 19) directing the parties to file memoranda regarding whether this court should retain supplemental jurisdiction to hear and determine Plaintiff's remaining common law claims for negligence and breach of contract.[1] The court thought it possible the parties would agree a remand to Okanagan County Superior Court is

---

[1] By text order entered on April 11, 2011 (Ct. Rec. 22), the parties were given five days to respond to the memoranda each had filed on April 7 (Ct. Rec. 20 and 21). While Defendant responded to Plaintiff's memorandum (Ct. Rec. 23 and 24), Plaintiff did not respond to Defendant's memorandum within the time allowed.

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 1**

appropriate, but the Defendant is not agreeable.  An agreement to remand would have made the court more inclined to decline to exercise supplemental jurisdiction, although it would not have been dispositive.

The court will exercise its discretion to exercise supplemental jurisdiction over the remaining common law claims pled in Plaintiff's Amended Complaint (Ct. Rec. 10) filed on December 28, 2010.  This action was removed from Okanogan County Superior Court on September 16, 2010.   (Ct. Rec. 1). Defendant filed an Answer on September 30, 2010 (Ct. Rec. 5) and a Scheduling Order was issued on November 17, 2010 (Ct. Rec. 9).  The discovery deadline (March 8, 2011) has expired and the Defendant has filed a motion for summary judgment which is now at issue following completion of briefing.  Trial is set for July 25, 2011.

Plaintiff asserts it filed an Amended Complaint "so the matter could be remanded to state court," but Plaintiff never filed a motion to remand and proceeded to respond to the summary judgment motion filed by Defendant. Notably, Plaintiff did not seek a Fed. R. Civ. P. 56(d) continuance to conduct additional discovery.  It was the court which *sua sponte* raised the issue of possible remand after it commenced review of the summary judgment papers.  As discussed below, the court is not persuaded that the Answer the Defendant filed to Plaintiff's original Complaint (Ct. Rec. 5), and the Answer it filed to Plaintiff's Amended Complaint (Ct. Rec. 11) represent a fundamental change in the Defendant's legal argument such as would potentially weigh in favor of remand and the conducting of additional discovery under the auspices of the Okanogan County Superior Court.

The court concludes that exercising supplemental jurisdiction over the remaining common law claims "'will best accommodate the values of economy, convenience, fairness, and comity . . . .'" *Harrell v. 20th Century Ins. Co.*, 934 F.2d

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 2**

203, 205 (9th Cir. 1991), quoting *Carnegie-Mellon*, 484 U.S. 343, 351, 108 S.Ct. 614 (1988).

## II. SUMMARY JUDGMENT

### A. Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

The moving party has the initial burden to prove that no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 3**

claim. *Celotex*, 477 U.S. at 322-23.

    **B. Discussion**

    On or about September 22, 2008, Plaintiff contracted with Defendant, "acting as a cargo broker, to transport 43,192.30 pounds of apple juice concentrate . . . from Wilmington, Delaware to Omak, Washington via temperature controlled truck transport." (Amended Complaint, Ct. Rec. 10 at Paragraph 5). Plaintiff alleges that "[a]t the time the subject product was entrusted to [Defendant] **and/or its agent**, it was packaged in sealed drums and in good condition." (*Id*. at Paragraph 6)(Emphasis added). Plaintiff alleges that on September 26, 2008, Defendant "**and/or its agent** delivered the subject product to its destination in Omak, Washington, where it was rejected, as the seals for the subject product had been broken, the shipment was not clean and there was a smell which suggested the product had been spoiled or contaminated." (*Id*. at Paragraph 7)(Emphasis added). After obtaining a salvage recovery of $12,000 on the product, Plaintiff seeks to recover damages in the sum of $49,535.80 from the Defendant. (*Id*. at Paragraphs 9-11).

    Defendant does not dispute that it contracted with Plaintiff, in Defendant's capacity as a cargo broker, to have the apple juice concentrate transported from Delaware to Washington and that upon delivery in Washington, the concentrate was spoiled or contaminated. Defendant contends J & L Trucking, not the Defendant, transported the concentrate and therefore, Defendant cannot be held liable as a motor carrier under the Carmack Amendment, 49 U.S.C. §14706 *et. seq.* Of course, in its Amended Complaint, Plaintiff has dropped this federal claim and so the Carmack Amendment is no longer an issue. Plaintiff agrees there is no dispute the Defendant is a broker and not a motor carrier. Defendant acknowledges that as a broker, it agreed to arrange for the transportation of the concentrate, but

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

asserts that since "there are no facts to show [it] failed to adequately arrange for the transportation," Plaintiff's claims for breach of contract and negligence "based on an alleged failure to deliver the subject product in good condition," are subject to summary judgment.

The Carmack Amendment governs interstate shipments by "motor carriers" and "freight forwarders," 49 U.S.C. §14706(a), and preempts all state common law claims against such carriers and freight forwarders. *Chubb Group of Ins. Companies v. H.A. Transp. Systems, Inc.*, 243 F.Supp.2d 1064, 1068 (C.D. Cal. 2002), citing *Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992). The Carmack Amendment does not apply to "brokers," defined under 49 U.S.C. §13102(2) as "a person, other than a motor carrier . . . that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." *Id*. at 1068-69. Instead, brokers may be held liable under state tort or contract law in connection with shipments. *Id*. at 1069.

Plaintiff contends the Defendant, in its capacity as a broker, is vicariously liable as a principal for the acts of its agent, J & L Trucking (the motor carrier). According to Plaintiff, because it is undisputed that Defendant identified itself as the "Carrier" for the shipment here, citing to the "Shipment Detail" the Defendant prepared (Ex. B to Ct. Rec. 17), "the only conclusion is that J & L Trucking was acting as an agent of the Defendant," or "[a]t a minimum . . . creates a question of fact as to whether J & L Trucking was acting as the Defendant's agent when it transported the concentrate."

Plaintiff notes that under Washington law, when a carrier agrees to accept a shipment of goods that is perishable, there is an implied duty by the carrier to take steps necessary to ensure goods are protected during transport and that if the goods

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 5**

are damaged during transport, a presumption arises that the damage was due to the carrier's negligence and the carrier has the burden of showing that it was not negligent or that, notwithstanding its negligence, damage occurred without its fault. *Lavagetto v. Railway Exp. Agency*, 34 Wn.2d 578, 589, 209 P.2d 371 (1949). A showing that there was a delivery of the goods to the carrier in good order, and of their arrival at the place of destination in bad order, makes out a prima facie case against the carrier such that if no explanation is given as to how the damage occurred, the carrier may be held responsible. *Id*. at 589-90. Plaintiff asserts that because the concentrate was certified as being of quality at the time it was to be shipped by Defendant, and that it was in the custody of the Defendant at the time it arrived in Omak in a damaged state, this is sufficient to establish a prima facie case of negligence and breach of contract by Defendant.

It appears Plaintiff does not seek to hold Defendant liable in its own right, for its own alleged breach of duty, as opposed to liability under agency principles. Thus, Plaintiff does not allege or offer any evidence that Defendant failed to verify the transportation licenses of J & L Trucking or that J & L Trucking had liability and cargo insurance. The Plaintiff does not allege or offer any evidence that Defendant failed to exercise due care in selecting J & L Trucking to transport the concentrate. Instead, Plaintiff alleges Defendant is liable for the presumed negligence of its agent, J & L Trucking.

The court disagrees with Plaintiff that the mere fact Defendant identified itself as the "Carrier" on its "Shipment Detail" raises a genuine issue of material fact that J & L Trucking was acting as an agent of Defendant in transporting the concentrate, as opposed to acting as an independent contractor. This does not raise a genuine issue of material fact that Defendant controlled the manner of performance of J & L Trucking such that J & L Trucking was an agent of the Defendant. *Stansfield v. Douglas County*, 107 Wn. App. 1, 18, 27 P.3d 205

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

(2001); *Losli v. Foster*, 37 Wn. 2d 220, 234, 222 P.2d 824, (1950), citing 2 Am. Jur. 17, Agency, § 8.  In that regard, the court notes that in its October 28, 2008 letter rejecting the load of concentrate received on September 26, 2008, Plaintiff itself identified "J & L" as the "Carrier."  (Ex. A to Ct. Rec. 14).  "J & L" was also identified as the "Carrier" in the "Withdrawal Order And Tally."  (Ex. B to Ct. Rec. 14).  Plaintiff simply offers no evidence that Defendant controlled the manner of performance of J & L Trucking such that J & L Trucking could be considered an agent of the Defendant in conjunction with the shipment of the concentrate.  Thus, there is no basis for holding Defendant liable for any negligence of J & L Trucking.

Furthermore, Plaintiff has presented no evidence of the terms of the contract between Defendant and J & L Trucking that would raise a genuine issue of material fact that J & L Trucking was acting as an agent of the Defendant with regard to the shipment.  Nor has Plaintiff presented any evidence of the terms of its contract with the Defendant raising a genuine issue of material fact that Defendant guaranteed the concentrate would not be damaged during transport   and assumed responsibility should there be any damage.

Lastly, the court cannot detect any material discrepancies between Defendant's Answer to Plaintiff's original Complaint, and Defendant's Answer to Plaintiff's Amended Complaint.  In its Answer to the original Complaint, Defendant admitted it did business as a cargo broker, but denied that it does business as a motor carrier. (Ct. Rec. 5 at p. 2, Paragraph 5).  In its Answer to the Amended Complaint, Defendant admitted it is "an FMCSA licensed property broker," but denied that it does business as a motor carrier.  (Ct. Rec. 11 at p. 2, Paragraph 2).  In its Answer to the original Complaint, Defendant admitted "it received the apple juice concentrate . . . packaged in sealed drum" and that "it delivered the subject product to its destination in Omak, Washington on September

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

26, 2008." (Ct. Rec. 5 at p. 2, Paragraphs 6 and 7).  In its Answer to the Amended Complaint, Defendant admitted "only that it agreed to arrange, in its capacity as a property broker, for the transportation of the apple juice concentrate . . . ."  (Ct. Rec. 11 at p. 2, Paragraph 5), and "expressly denie[d] that it transported or delivered the shipment."  (Ct. Rec. 11 at p. 3, Paragraph 8).  While its Answer to the original Complaint did not contain such explicit statements, it was certainly implied by virtue of Defendant denying that it did business as a motor carrier and its explicit affirmative defense that Plaintiff's claims against it pursuant to 49 U.S.C. §14706 were "barred because [Defendant] did not operate as a motor carrier relative to the transportation of the subject product."  (Ct. Rec. 5 at p. 5, Paragraph 12).[2]  Therefore, when Defendant admitted, in its Answer to the original Complaint, that it "received" and "delivered" the concentrate, it could only have meant that it arranged for transportation of the same as a broker.  The assertions in Defendant's summary judgment motion are not contrary to any of the admissions it made in either of its Answers.  The legal issues did not change as a result of Defendant's Answer to the Amended Complaint.

//
//
//
//
//
//
//
//

---

[2] This identical affirmative defense was repeated by Defendant in its Answer to the Amended Complaint.  (Ct. Rec. 11 at p. 6, Paragraph 12).

**ORDER GRANTING DEFENDANT'S  
MOTION FOR SUMMARY JUDGMENT- 8**

**C. Conclusion**

Defendant's Motion For Summary Judgment (Ct. Rec. 12) is **GRANTED** and Defendant is awarded judgment on Plaintiff's claims set forth in its Amended Complaint (breach of contract and negligence).

**IT IS SO ORDERED**. The District Executive is directed to enter judgment accordingly and forward copies of the judgment and this order to counsel of record. The file shall be closed.

**DATED** this  21st   of April, 2011.


                         s/Lonny R. Suko
                       LONNY R. SUKO
                    United States District Judge

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 9**